EMILIO REMY-LIGER, Plaintiff and Appellee, *v.* LUIS MUÑOZ-MORALES and RAFAEL ALVAREZ-TORRE, Defendants and Appellants.

No. 3689.—Decided January 25, 1926.

STATEMENT OF CASE—SETTLEMENT.—*A trial judge may settle a statement of the case after the expiration of his term of office without authority from the regular district judge.*

Motion for reconsideration of order extending time for filing transcript. *Overruled.*

*Leopoldo Feliú* for the appellants.  *A. Marín Marién* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellee in various previous motions and answers has attempted to convince us that the appellants have been negligent.  This court, however, by a majority vote has not deemed the negligence so great as to deprive defendants of their appeal.  On a motion for reconsideration and in a writing of opposition to a further extension of time the appellee insists that appellants have been negligent in failing to obtain due orders from the district court authorizing a settlement by the judge who tried the case whose term expired before the settlement of the proceedings not in the record could be made.  The theory is that a bill or statement of the case cannot be signed or settled except by virtue of an order from the district court.  The trial judge apparently thought he had no power to act without such an order.  We extract no such conclusion from a reading of the law.  Section 219 of the Code of Civil Procedure provides: "A judge or judicial officer may settle and sign a bill of exceptions after as well as before he ceases to be such judge or judicial officer."  The authority of the trial judge to settle is therefore fixed and it needs no authority from the regular district judge to make such settlement.

We differed on the point of whether, as this court had reinstated the case, the appellants, given the circumstances, were not bound to exercise greater diligence than they have actually displayed.  The majority of the court, however, is of the opinion that the principal duty of the appellants was to get the statement of the case in the hands of the secretary and thereafter to speed this official and perhaps the trial judge so far as seemly.  The statement, we find, arrived in the hands of the secretary without an unpardonable delay.  Thereafter we find no such neglect on the part of appellants that justifies a dismissal.  Some of the delay very probably was caused by the overcharged condition of the office of the

secretary of the District Court of San Juan and some of it proceeded from a misapprehension of the law, as we have pointed out in the previous paragraph.

The motion for reconsideration will be denied and as the trial judge set the 28th of January for a settlement, the time for presenting the transcript is hereby extended to run for ten days from the 29th day of January, 1926.

Chief Justice Del Toro and Justice Franco Soto dissented.